Ms. Collins. Good morning, Your Honors. We're here, this case is basically, we believe that the decision is against the manifest weight of the evidence looking at this. The petitioner was awarded $70,000, and we believe that the decision is against the manifest weight of the evidence looking at this. So we can see that in this jury case he does have a scar. Looking at the definition of a groin, a groin does not equal a leg. Groin in work comp should equal man as a whole. So we can see that in this jury case he does have a scar. Looking at the definition of a groin, a groin does not equal a leg. Groin in work comp should equal man as a whole. The petitioner did testify at trial. He still experienced pain and numbness and swelling in the groin area. He further testified that he had discomfort during intercourse. We compare this, we use the case of the new Will County case, whereas in this case, also in Will County, the petitioner's injury didn't keep him from performing his job, as a matter of fact he was allowed to return to full duty. But what we're saying is the petitioner had two distinct injuries. I understand that, but doesn't this case turn on, I mean, even if you allow for that, didn't this case turn on the fact that under, to be eligible for benefits under APD2, the claimant must prove that he sustained serious and permanent injuries? And he argued that, however, he testified at the arbitration hearing, he had no more pain in his right leg, was all right, Dr. Hagen had no restrictions, etc. So, I mean, can't it turn on the commission finding that it didn't document or establish serious and permanent injuries? Well, he did testify that he had no pain in his leg. He was awarded 7.5% of the leg, but he was not awarded anything for the groin injury, for which he testified he still had some pain, numbness, and swelling in the groin area. Well, why couldn't the commission find that in the groin area, it was not a serious and permanent injury? And I think that's what we're looking for, is that determination, because the commission just affirmed the arbitrator's decision, and all the arbitrator, the only comment the arbitrator made in the decision with regard to the groin was, he said, although the petitioner complained of continued numbness in the right groin area and exuded a raised area on his right upper thigh, his leg pain was gone, he was subject to no restrictions, and he was performing normal activities of daily life. So I'm, it's our, he was 7.5% of the leg, but we want the issue addressed as to man as a whole. I mean, it's sort of silent here. I mean, the arbitrator admits and says in his decision that petitioner complained of continued numbness in the groin area, but didn't, you know, we believe that petitioner's entitled to an award as man as a whole with regard to that groin injury. So you're saying he has permanency there, right? I believe he does. And it was not addressed. That's right. That's, I mean, I think if, looking at this case, I think, I'm under the assumption that the arbitrator's assuming that the groin area is part of the leg, because he didn't give us any award as to man as a whole, or say, you know, he's not entitled to anything, you know, for the groin injury. That's what we're looking for. And what is the nature of the injury in the groin area that he has permanency? He has numbness and some swelling, and obviously he also testified he has some discomfort in that area during intercourse. Okay, which is a normal activity of everyday life. Well, I would hope so. But apparently we're just oriented towards work, right? Right. But now, counsel, Dr. Hagen was the physician that treated the groin injury, correct? And there is evidence in the record that at least on May the 31st of 2011, there was no pain, according to what I'm reading here. And this is in Applee's brief at page 8, that on that day, Dr. Hagen noted that he was doing very well, and the original pain was gone. He complained of some mild swelling, but was very pleased with his outcome and progress. On examination, he found minimal residual swelling, good incision healing, no appreciable tenderness. So isn't there then evidence in the record from which the arbitrator and the commission could therefore find that this was not a serious and permanent injury? I think we need to take that in conjunction with the petitioner's testimony at trial, stating that he was still, at the time of trial, was experiencing some pain. I mean, there was some time from the time he last saw Dr. Hagen and the time of trial. So I mean, according to the petitioner, and I believe him to be credible, there was nothing brought up about his credibility. He testified at the time of trial he was having some pain, numbness, and some swelling. So I think we have to take that in conjunction with those records. I mean, I think that's something that we need to look at, because at the time of trial he testified to these symptoms or these problems. So, and like I said, I think if we look at, you know, to differentiate between, you know, the leg and the groin, you know, we use the actual, you know, the definition of them in the dictionary. They're two separate body parts, and I think under 8D2 we have to award part of a man as a whole for that groin injury. And if there's enough evidence there that there is a groin injury that's causally related to the leg? Yeah, I mean, there was no causation was not an issue. So, I mean, it's really just, like I said, in this case it's nature and extent, and I think there is enough testimony. Like I said, he had a surgical procedure, he has a scar, and he testified that, you know, once again he experienced pain, numbness, and some swelling. So you're saying, in other words, also there was no specific finding on that issue. The commission just sort of glossed over it and treated it as one body part. Exactly, exactly, and I think we need clarification on that. If that's what, I think if that's what the commission did, then I think that they're wrong because I think obviously the groin area is definitely a separate body part. You know, it's separate and apart from the leg. Okay. Any further questions? Thank you. Ms. Whitaker? May it please the court, counsel. I disagree. I think the arbitrator did separate them out into two separate body parts and address them both. If you look at the arbitrator's decision regarding the nature and extent, it specifically says the petitioner underwent two surgical procedures, sets out the procedures, states that Dr. Musa found that the petitioner did well following the varicose vein surgery, but had edema in the right leg and pain in the inner right thigh, which required further care. Sets that out, that's the one injury. With regards to the groin, he says Dr. Hagen found he's done extremely well. The word's completely resolved, the pain is completely resolved. I think he sets it out in his decision that there's no permanency. It's completely resolved. He's got full range of motion in the hip. He demonstrated good strength and he has minimal swelling. And if you look at the arbitration transcript of the testimony, the arbitrator physically looked at the petitioner's leg and there's some swelling in the right thigh, as he points out in his decision, and that's why he put the permanency on the leg. There was no permanency to the groin. You're saying it will be the purpose of remanding it because they found as a factual matter there was no injury to the groin? Correct. There was no permanency. Well, doesn't he have numbness in that area? The petitioner did testify that there was numbness. Correct. And I believe the arbitrator took that into consideration when he made his decision. The arbitrator says although the petitioner complained of continued numbness in the right groin area, et cetera, et cetera, it says he was performing normal activities of daily life without difficulty. Correct. There was no problem. He didn't specifically address that. I would agree. I mean, I think that even though, you know, and maybe he found the petitioner wasn't that credible when it came to his testimony. I think he sets out that, yes, I heard petitioner say he had numbness in the groin. I'm still not going to award permanency because I don't think there is some. And under AD 2, it's serious and permanent, not in the disjunctive, so that numbness would have to be serious, it would have to be a serious injury in the arbitrator's opinion. I agree. And I think there's enough evidence to uphold the manifest weight. So that's why it's distinguishable from Will County? You seem to be saying that in Will, the court found there was injury to two separate body parts, but they couldn't be treated as one. Well, I think in Will County, the issue was just the shoulder, correct? It was just the one body part. It was whether to, which side to put it on. But here, the court, the arbitrator and commission specifically found that notwithstanding numbness, there wasn't a serious injury. Correct. Is that clear? That's what they found in your decision? Or is it kind of just we're... I mean, I believe so. We're putting a gloss on it or something? I believe. I mean, he starts in his paragraph with the arbitrator found there was two surgical procedures and sets it out that way. He goes into what Dr. Moussa found with results of the varicose veins on the thigh, and then he goes into what Dr. Hagen found with results of the groin. So I think he does set them out separately. And then he goes further to say although he does complain of numbness, he still believes the permanency is only on the leg. So we must infer that he didn't find, because numbness is permanency perhaps, but we're just inferring he didn't find it to be severe. Serious and permanent, I would agree, yes. So we ask that you affirm the commission. Thank you, counsel. Any reply? With regard to what you were addressing, I think, back to what I was saying, I think we need clarification as to what the commission was saying. Are they saying, yes, we're addressing the man as a whole and we're not awarding anything, or we're just kind of glossing over it and ignoring it and just awarding S to the leg? I think we need clarification on that issue. What about the sufficiency of the evidence on that issue? Well, I think that we've got his testimony, and if we look at even where we say on August 9, 2011, Dr. Higgin found that the original groin pain was completely resolved. Is that the original pain prior to the surgery? But now he's got these issues after the surgery. He's got the occasional pain, swelling, and the numbness. So I think that we need to address that. Very good. Thank you, counsel. This matter will be taken under advisement. This position shall issue.